**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**


UNITED STATES OF AMERICA,    )
    )
    vs.    )    No. IP 04-114-CR-01-B/F
    )    1:05-cv-1562-SEB-VSS
HONORIA MARQUEZ,    )
    )
    Defendant.    )


**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. In this case, defendant Honorio Marquez has failed to make such a showing. Accordingly, his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** This conclusion rests on the following facts and circumstances:

1.    Drug charges against Marquez resolved through the entry and acceptance of a plea agreement between Marquez and the United States. The plea agreement provided, in part, that Marquez would plead guilty to a conspiracy to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine and that the charges in counts 1 and 2 would be dismissed. The plea agreement also contained certain stipulations that he waived his right to appeal his conviction so long as the total offense level is 27 or lower. The court determined the base offense level was 27.

2.    Marquez filed an appeal. His attorney filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), and, after a response by Marquez was filed and considered, was permitted to withdraw. The appeal was then dismissed as frivolous. *United States v. Marquez,* 139 Fed.Appx. 733 (7th Cir. July 15, 2005)(unpublished order). The present action followed.

3.      Marquez contends in his claim that his guilty plea is invalid because he was denied the effective assistance of counsel. He supports his contentions with several specifications, some of which are derived from circumstances considered by the Court of Appeals and reviewing the *Anders* brief. See *Anders v. California,* 386 U.S. 738 (1967). For example, Marquez wanted to take back his guilty plea and go to trial. Counsel advised that Rule 11 argument would be frivolous because the district court had complied with regulations. The court found that any errors of the district court were harmless. This determination is a brick wall to Marquez's claim of ineffective assistance of counsel at sentencing. The United States is correct that Marquez has done nothing to show that this determination was in error. Other specifications of attorney ineffectiveness are presented here for the first time and will be considered in conjunction with the applicable standard.

4.      "In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel. *Id.* Marquez entered such a plea in this case. He now contends, however, that his attorney was ineffective prior to sentencing and at sentencing, and on direct appeal.

a.      Marquez had the right to the effective assistance of counsel in the plea negotiation and sentencing process. *Hill v. Lockhart,* 474 U.S. 52, 57-58 (1985); *Banks v. Hanks,* 41 F.3d 1187, 1189 (7th Cir. 1994).

b.      The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 124 S. Ct. 1, 4 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984)). For a petitioner to establish that his "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.* at 687. With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 123 S. Ct. 2527, 2535 (2003) (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "eliminate the distorting effects of hindsight." *Id.* at 2536 (quoting 466 U.S. at 688); *see also Kokoraleis v. Gilmore,* 131 F .3d 692, 696 (7th Cir. 1997). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

c.     The standard for judging a claim of ineffective assistance of counsel is the same for both trial and appellate lawyers. *Matire v. Wainwright,* 811 F.2d 1430, 1435 (11th Cir. 1987). An appellate counsel's performance is deficient if he or she fails to argue an issue that is both obvious and clearly stronger than the issues raised. *Lee v. Davis,* 328 F.3d 896, 900-01 (7th Cir. 2003). To establish the *Strickland* prejudice prong, a defendant must show that there is a reasonable probability that appellate counsel's failure to raise an issue would have resulted in the reversal of his conviction or an order for a new trial. *Id.* at 901 (for a claim to support relief, it must be reasonable probability that issue not raised would have altered outcome of appeal).

5.     Marquez presents several specifications of attorney ineffectiveness in support of his motion.

a.     Marquez contends that his counsel refused to discuss any details of the indictment, failed to act in the capacity of counsel, and failed to object during critical stages when it was not clear whether the substance was cocaine or marijuana. This contention ignores both the spirit and the content of his statements during the plea colloquy. Marquez is precluded from "raising any question regarding the facts alleged in the indictment" because he admitted these facts in his plea. *United States v. Walton,* 36 F.3d 32, 35 (7th Cir. 1994). "A plea of guilty is a 'grave and solemn act.'" *United States v. Loutos,* 383 F.3d 615, 619 (7th Cir. 2004) (quoting *United States v. Ellison,* 798 F.2d 1102, 1106 (7th Cir.), *cert. denied* 479 U.S. 1001 (1986)). "'Entry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard.'" *Id.* (quoting *United States v. Stewart,* 198 F.3d 984, 987 (7th Cir. 1999)). Thus, Marquez cannot show prejudice regarding this claim.

b.     Marquez contends that his counsel refused to disclose that he and his confederates were court-appointed "agents" for the United States Government. This proposition is fanciful. Counsel for Marquez performed as an advocate with attendant loyalties to Marquez, not to the United States. The Seventh Circuit has unequivocally stated that unsubstantiated and conclusory statements do not support ineffective assistance of counsel claims. *See, e.g., United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005).

c.     Marquez contends that his counsel failed to investigate and discover that the office of the United States Attorney for the Southern District of Indiana was vacant at the time the indictment was handed down, and that this court lacked subject-matter jurisdiction. The Indictment returned on July 15, 2004, however, shows that the United States Attorney for this District is Susan Brooks–hardly an indication of a vacant position. As to the other portion of this argument, "[s]ubject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional'

3

inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). It has previously been explained in *United States v. Martin,* 147 F.3d 529, 531-33 (7th Cir. 1998), that district judges always have subject-matter jurisdiction based on any indictment purporting to charge a violation of federal criminal law. There was nothing in these areas which counsel failed to "discover," and "[i]t is not deficient performance to fail to raise an argument with no real chance of success." *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001).

      d.      Marquez contends that he was denied effective assistance of counsel on direct appeal. This contention is rejected, however, because there were no nonfrivolous claims which could have been argued in the appeal. *See Schaff v. Snyder,* 190 F.3d 513, 527 (7th Cir. 1999)("Because the underlying claim that trial defense counsel was constitutionally ineffective was at best a weak one, we cannot say that appellate defense counsel was constitutionally ineffective in failing to raise it on direct appeal."). In the appellate counsel context, a showing of prejudice requires a showing that petitioner's claims would have succeeded on appeal. *See Smith v. Robbins,* 528 U.S. 259, 285-86 (2000); *McCleese v. United States,* 75 F.3d 1174, 1180 (7th Cir. 1996). No such showing has been made here.

      6.      For the reasons explained above, Marquez is not entitled to relief in this action. He has failed to demonstrate a constitutional violation warranting collateral relief. Accordingly, his motion for relief pursuant to § 2255 is denied, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED**.

Date: _03/03/2006_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana